Caria, per
O’Neall, J.
I think the motion for non-suit ought to have been granted on two grounds. 1st. There was no legal arrest of the present plaintiff, to answer the charge of negro stealing. If the warrant had been properly countersigned by Justice Asldn, and the constable of Williamsburg had been duly authorized to execute it, I think it would have been sufficient. But the instrument preceding the Justice’s signature on the back, is anything else than countersigning or authority to execute the warrant. The words used are plain English, and must be understood according to their meeting: They give a license from Mr. Justice Askin to Constable Yarborough, “to rest and remain” in Marion district. It may be, the words were intended to authorize an arrest and detention, but they certainly have no such appropriate meaning, and we have no right to give it to them, from the belief that they were ignorantly used. Public officers using plain English words ought to be supposed to understand their meaning. The defendant and constable Yarborough may be liable for false imprisonment, in arresting the plaintiff without warrant; but the defendant cannot be liable in malicious prosecution, when the prosecution never legally existed. The plaintiff is not helped by the defendant’s recognizance to prosecute, or the plaintiff’s to appear and answer; neither of them are appropriately conditioned as papers on the criminal side of the Court — they apparently relate to a case between party and party.
2d. I think there was proof of “ abundant probable *274 cayise ” To come understandingly to a just conclusion, it is necessary to understand what is probable cause. Any thing which will create in the mind of a reasonable man the belief that a felony existed, and that the party charged' was in any way concerned in it, is probable cause. The mere letting fall a prosecution does not raise an implication of a want of probable cause. The only cases where that is implied, are when the grand jury find no bill, or the defendant is acquitted by the petit jury, and the presiding Judge orders a copy of the indictment. From the statement in the report, it would seem that the plaintiff relied on “ the letting fall the prosecution” as evidence of want of probable cause. This was not enough. But we would not now non-suit the plaintiff on this ground, if in. the progress there was a semblance of a want of probable cause shewn. But it was plain there was not. In the absence of the defendant, one of his negroes was taken privately out of his plantation, by men who pretended, but who in point of fact had no claim to him. The plaintiff was seen before the negro was taken off, talking privately to him, and afterwards to another. The same day he was seen crossing the river with the men who took the negro away. The defendant stated these facts to the Justice, who thought the present plaintiff and the Burketts (who carried oil the negro,) liable to the charge of negro stealing, and so advised the defendant. After this statement, who would hesitate in saying that the defendant had reasonable ground to believe that the plaintiff had committed the felony with which he charged him ? There is no dispute about these points. They show plain probable cause, and hence the plaintiff must fail. If authority be necessary to sustain this view of the case, it will be found in Fields vs. Gibbes, decided by the Court of Appeals at Columbia, in May, 1837.
The motion for a non-suit is granted.
Richardson and Wardlaw, justices, concurred.
I am in favor of a new trial.
A. P. BUTLER.
*275 I think there was a sufficient arrest; but that there was probable cause for the prosecution, and I concur on that ground.
J. J. EVANS.